18-1406-cr(L)
United States v. Young

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                      Nos. 18-1406-cr(L),
                                                        18-1867-cr(CON)

BRENDON ALLAN YOUNG,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:                    STEVEN SLAWINSKI, Assistant
                                  Federal Public Defender

(Melissa Baldwin, Assistant Federal Public Defender, *on the brief*), *for* Marianne Mariano, Federal Public Defender, Western District of New York, Buffalo, NY.

FOR APPELLEE: WEI XIANG, Assistant United States Attorney (Mary C. Baumgarten, Assistant United States Attorney, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Brendon Allan Young appeals from a judgment of conviction of the District Court (Geraci, C.J.). Young pleaded guilty without a plea agreement to two counts of production of child pornography, one count of distribution of child pornography, and one count of possession of child pornography involving a prepubescent minor. Young was sentenced principally to a term of 420 months'

2

(35 years') imprisonment, to run concurrently with his state court sentence of 30 years' imprisonment for the sexual assault of his then-girlfriend's minor daughter, who was also the victim of his federal production and distribution counts. The District Court also ordered Young to pay restitution in the amount of $1,000 to another victim depicted in one of the images Young possessed. On appeal, Young challenges both his sentence and the restitution order. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm the sentence but to vacate the restitution order and remand.

Young first claims that his sentence is procedurally unreasonable because the District Court misapplied U.S.S.G. § 4A1.2 and erroneously calculated his criminal history as Category III rather than Category I. Because Young did not raise this claim in the District Court, we review for plain error. United States v. Wernick, 691 F.3d 108, 113 (2d Cir. 2012). Although an incorrect Guidelines range calculation is ordinarily plain error, Rosales-Mireles v. United States, 138 S. Ct. 1897, 1907–08 (2018), here any error in calculating Young's criminal history did not change the applicable Guidelines range. Young's total offense level was

43, which in either Criminal History Category I or Category III results in a Guidelines recommendation of life imprisonment. However, because none of the crimes of conviction permit a life sentence, the Guidelines recommendation is converted to the statutory maximum for each count, run consecutively, which in this case is 1200 months' (100 years') imprisonment. See U.S.S.G. § 5G1.2(a); United States v. Corsey, 723 F.3d 366, 374–75 (2d Cir. 2013). Young was therefore not "sentenced under an incorrect Guidelines range," and any error in the calculation of his criminal history category was harmless. Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016); see United States v. Brown, 843 F.3d 74, 82 (2d Cir. 2016).

Young also contends that the District Court committed procedural error by incorrectly finding that the images Young distributed online "will probably be out there forever." App'x 108; see United States v. DeSilva, 613 F.3d 352, 356 (2d Cir. 2010) (procedural error includes selecting a sentence based on clearly erroneous facts). But Young sent the photographs to at least one individual by posting them on the internet, where anyone could view them, and at least one individual did view them. Child pornography posted on the internet can pose continuing

4

harm to the victim.   See Paroline v. United States, 572 U.S. 434, 439–40 (2014).

On this record, we are not left with the "definite and firm conviction" that the District Court made a mistake about the photographs Young posted.   United States v. Molina, 106 F.3d 1118, 1121 (2d Cir. 1997) (quotation marks omitted).

Young also contends that his 420-month sentence is substantively unreasonable because the District Court accorded too much weight to the child pornography Guidelines.   We are not persuaded.   Young's underlying conduct involved years-long sexual abuse of a child, from approximately ages four to nine, documentation of that abuse, distribution of some of the photographs documenting the abuse, and possession of other images of child pornography. And the sentence Young received fell well below the Guidelines range and is five years above the 30-year sentence for which he advocated at sentencing. Imposing an additional five years' imprisonment to account for the harms of possession, production, and distribution of child pornography was not outside the range of permissible decisions.   See Brown, 843 F.3d at 82–84.

Finally, Young asserts that the District Court's restitution order in favor of the victim in one of the photographs Young possessed was unconnected to any

losses to the victim that Young proximately caused.   He argues that this was error under <u>Paroline</u>, 572 U.S. at 448, 459–60.   The Government concedes that the District Court erred, and we agree.   We therefore vacate the District Court's restitution order and remand the case to the District Court for the limited purpose of conducting an analysis consistent with <u>Paroline</u>.[1]

We have considered Young's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The Government also agrees that Young's classification as an offender in Criminal History Category III in the District Court's Statement of Reasons was a scrivener's error. On remand, the District Court should correct this error to reflect that Young was in Criminal History Category I.